IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANTHONY JAMES WALKER, | |
| Plaintiff, | CIVIL ACTION NO.: 5:19-cv-73 |
| v. | |
| TRACY BARFIELD; and LT. GLOVER, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the United States Marshals Service's Unexecuted Returns as to Defendants Barfield and Glover. Docs. 13, 17, 19, 22. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendants Barfield and Glover and **DIRECT** the Clerk of Court to close this case and enter the appropriate judgment. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his claims are due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

On November 4, 2020, this Court ordered service of Plaintiff's Complaint upon Defendants Barfield and Glover and advised Defendants of their duty to avoid unnecessary costs when service is executed.  Doc. 8.  The Court noted a defendant "who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver."  Id. at 6 (citing Fed. R. Civ. P. 4(d)(2)).  The United States Marshals Service sent requests for waiver of service to Defendants by certified mail.  The certified mail cards were returned and were signed by a "Sondra Evan" on December 2, 2020.  Doc. 10.  The certified mail card was filed on January 13, 2021.  Id.  The Court did not receive any executed waivers of service.

The Court then ordered the United States Marshals Service to personally serve Defendants within 30 days of January 22, 2021, if practicable.  Doc. 11 at 1.  Plaintiff was also directed to provide additional information as to the whereabouts of Defendants to assist the Marshals Service.  Id. at 2.  Plaintiff responded to the Court's Order but did not provide any additional information that would assist with locating these Defendants.  Doc. 12.  The Marshals Service was unable to personally serve Defendants Barfield and Glover.  The Marshals Service signed the Returns with the notations: "No longer employed by the Georgia Department of Corrections" dated February 10, 2021 for Barfield, doc. 13, and February 17, 2021, for Glover, doc. 17.  These Returns were filed on March 8, 2021 and July 27, 2021.

On April 1, 2021, the Court then again ordered Plaintiff to provide the Court with information about Defendants' whereabouts, but Plaintiff again failed to provide any additional information.  Docs. 14, 15, 18.  The Court also directed the Marshals Service to contact the Georgia Department of Corrections and the Office of the Attorney General for the State of

Georgia to attempt to determine Defendants' whereabouts. Doc. 16. Additionally, the Court warned Plaintiff, if the Marshals Service was unable to locate Defendants after contacting the Georgia Department of Corrections and the Attorney General, his claims against Defendants would be subject to dismissal. Id. at 1–2. Plaintiff submitted another filing in response to the Court's Order and explained he had no additional information that would assist in locating these individuals. Doc. 18.

On September 14, 2021, the United States Marshals Service submitted a Process Receipt and Return certifying it was unable to locate Defendant Barfield, as the address provided by the Georgia Department of Corrections for that individual appeared abandoned. Doc. 19. The Marshals Service sent another request for waiver to Defendant Glover at a second address, which was returned signed "COVID-19" and dated January 5, 2022. Docs. 20, 21. The Marshals Service then tried to personally serve Defendant Glover at the address provided to them, but those efforts were also unsuccessful. Doc. 22. The Court now addresses the lack of timely service on Defendants sua sponte.

## DISCUSSION

**I.     Plaintiff's Complaint Should be Dismissed Under Rule 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure, which addresses the time limit for service, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. Courts assist inmate-plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir.

1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). The Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner proceeding *in forma pauperis* in 42 U.S.C. § 1983 action to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (pro se *in forma pauperis* prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

Plaintiff ultimately has the responsibility for serving Defendants Barfield and Glover. And while Plaintiff has not ignored this obligation to provide addresses where they might be served, it appears Defendants are no longer employed by the Georgia Department of Corrections. It also appears Defendants cannot be located at any other address known by Plaintiff or the United States Marshals Service, despite the Marshals Service's best efforts. Because these efforts continue to be unsuccessful, Plaintiff's claims against Defendants are due for dismissal. See Brown v. Davis, 656 F. App'x 920, 921 (11th Cir. 2016) (finding district court did not abuse its discretion in dismissing prisoner's § 1983 claim against an officer for lack of service where officer no longer resided at the address provided by the prisoner, prisoner did not remedy the service, and prisoner was on notice the officer had not been served for three years); see also

4

Penton v. Nunez, No. 2:11-CV-0518, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H 08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.").

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons discussed above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendants Barfield and Glover and **DIRECT** the Clerk of Court to close this case and enter the appropriate judgment. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA